UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH ROSEN, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPIRIT AIRLINES, INC. )<br>)<br>Defendant. ) | No. |

## PRELIMINARY STATEMENT

1.      This is a consumer class action based upon Defendant's violation of section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* (hereinafter "FCRA") and the Fair and Accurate Credit Transactions Act ("FACTA"). This section of the FCRA was designed to combat the rising tide of identity theft experienced throughout the nation in recent years. It requires companies that accept credit and debit cards to truncate the credit card and expiration date information that they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Recently the United States Supreme Court reiterated that The Fair Credit Reporting Act has as one of its purposes to "protect consumer privacy." *United States v. Bormes*, No. 11-192, 2012 WL 297842 (U.S. Nov. 13, 2012) citing *Safeco Ins. Co. of America* v. *Burr*, 551 U. S. 47, 52 (2007); see 84 Stat. 1128, 15 U. S. C. §1681. "To that end, FCRA provides, among other things, that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number *or* the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." §1681c(g)(1) (emphasis added).

## JURISDICTION AND VENUE

2.	This court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3.	Venue in this district is proper because Plaintiff resides in Illinois and Defendant conducts its business in Minnesota.

## PARTIES

4.	Plaintiff Joseph A. Rosen (hereinafter "Plaintiff Rosen") is a natural person and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c), who resides in the City of Niles, County of Cook, State of Illinois.

5.	Defendant Spirit Airlines, Inc. (hereinafter "Defendant") is a Florida corporation with headquarters at 2800 Executive Way, Miramar, Florida 33025. Defendant has a registered agent of The Prentice-Hall Corporation Systems, Inc., 1201 Hays St., Tallahassee, FL 32301.

## STATUTORY HISTORY

6.	In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

7.	One FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt which the consumer discarded or lost. Codified at 15 U.S.C. § 1681c(g), this provision provides:

> Except as otherwise provided in this subsection, no person that accepts credit or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

2

("Receipt Provision").

8.  FACTA was enacted on December 4, 2003. It became effective 3 years from that date for any cash register or other machine or device that electronically prints receipts for credit or debit card transactions ("Devices") that was in use before January 1, 2005 and 1 year for Devices put into use after January 1, 2005. 15 U.S.C. §1681c(g)(3).

9.  In anticipation of the December 4, 2006, deadline, many credit card companies, including but not limited to VISA and MasterCard, advised companies of the need for compliance with the Receipt Provision. Additionally, many credit card companies, such as VISA and Mastercard, implemented policies well in advance of the effective date to ensure the compliance with the Receipt Provision, by themselves, as well as that of their customers. For example, on March 6, 2003, VISA's CEO, Carl Pascarella, held a press conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon Corzine and Patrick Leahy and publicly announced VISA USA's new truncation policy to protect consumers from identity theft.

10. Since that time VISA and Mastercard have published bulletins to subscribing merchants, including but not limited to Defendant, warning them of FACTA truncation requirements.

11. In May of 2007 the Federal Trade Commission ("FTC") issued an FTC Business Alert titled "Slip Showing Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts" ("Alert"). The Alert explicitly stated, "You may include no more than the last five digits of the card number, and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

    ACCT: \*\*\*\*\*\*\*\*\*\*\*12345; EXP: \*\*\*\*"

The Alert even goes on to state, "Why is it important for businesses to comply with this law? In addition, the law allows consumers to sue businesses that don't comply and to collect damages and attorney fees."

12. The FCRA provides that any "person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to 1) statutory damages of not less than $100 and not more than $1,000; 2) punitive damages; and, 3) attorney fees and costs." 15 U.S.C. § 1681n(a).

13. In May 2008 Congress granted partial amnesty to violators printing expiration dates on receipts. It enacted legislation such that printing expirations dates on receipts does not amount to a willful violation of the law from Dec. 4, 2004, to the passing of the law on May 20, 2008.

14. Among the provisions of the FACTA that are designed to help prevent identity theft is a provision prohibiting businesses accepting credit cards from printing the last five digits of the card number or the expiration date on any receipt provided to the cardholder at the point of the sale or transaction. The idea behind this enactment was that receipts are often lost or thrown out, with the result that enterprising "dumpster divers" can easily retrieve receipts, find out a cardholder's credit card information, and run up charges or otherwise misuse this information to the cardholder's severe detriment. The statute is designed to provide just enough data on the receipt for the use of the cardholder and business, without giving away critical identifying portions of information. *51 A.L.R. Fed. 2d 273*.

15. In the District of Illinois alone there have been multiple class action lawsuits filed and subsequent notices published in the local media warning merchants, attorneys and law firms who represent merchants, and Defendant of the FACTA requirements.

**DEFENDANT'S CONDUCT**

16. Defendant has set up its business to reach customers through sales at various airports throughout the United States.

17. Defendant allows customers to pay via credit card in its sales at these airport locations, specifically the Chicago-O'Hare International Airport.

18. Defendant had knowledge of FACTA and failed to truncate all of the required information from the card holder's receipt.

19. Specifically, the in-person purchase at the Chicago-O'Hare airport resulted in Defendant printing 10 digits of the customers' credit card number.

20. Upon information and belief, Defendant hired a point of sale software vendor who provided Defendant with warnings and information of FACTA compliance and specifically truncation of on credit card receipts.

21. Upon information and belief, Defendant subscribes to a point of sale credit card processor who provided Defendant with warnings and information concerning FACTA compliance and specifically truncation of on credit card receipts.

22. Upon information and belief, Defendant was warned of credit card truncation requirements by its merchant banks, credit card companies, MasterCard, Discover, American Express and VISA through updates, online tutorials and other published materials including but not limited to quarterly or monthly bulletins.

**THE EXPERIENCE OF THE REPRESENTATIVE PLAINTIFF ROSEN**

23. On August 15, 2014, Plaintiff Rosen made a purchase in person at the Chicago-O'Hare International Airport, one of the Defendant's locations and used his credit card to pay for the purchase.

24. The receipt provided to Plaintiff Rosen included more than the last 4 digits of his credit card, his full name and the date and time of transaction.

25. At all relevant times, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

26. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was willful within the meaning of the FCRA.

## CLASS ACTION ALLEGATIONS

27. Plaintiff bring this action individually and as a class action for Defendant's violation of section 1681c(g) of the FCRA, pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

*All persons nationwide to whom, within 2 years from the date of filing this Complaint (the "Class Period"), Defendant provided an electronically printed receipt that included more than the last four digits of the person's credit card.*

28. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, the estimated number of Class members is in excess of 100.

29. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The questions include, but are not limited to:

    a) Whether the Defendant willfully violated Section 1681c(g) of the FCRA by failing to provide consumers, who used their credit and debit cards in point of sale transaction(s) with Defendant, with electronically printed receipts that complied with the Receipt Provision; and

    b) The appropriate measure of damages sustained by Plaintiffs and other members of the Class.

30. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

31. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff have secured counsel experienced in handling consumer class actions. Neither Plaintiff nor Plaintiff's counsel has any interests that might cause them not to vigorously pursue this claim.

32. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

33. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunction relief or corresponding declaratory relief with respect to the Class as a whole.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small as the maximum statutory damages are limited to $1,000.00 under the FCRA. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be obtained from Defendant's records.

## **COUNT ONE – FCRA/FACTA**

## **15 U.S.C. §1681c(g)**

35. Plaintiff incorporate the foregoing paragraphs as though the same were set forth at length herein.

36. During the Class Period, Plaintiff and members of the Class were provided receipts by Defendant that failed to comply with the Receipt Provision.

37. Defendant knew about both the Receipt Provision as well as the need to comply with said provision.

38. On information and belief, VISA, Mastercard, PCI Security Standards Council (a consortium founded by VISA, MasterCard, Discover, American Express and JCB), companies that sell cash register and other machines or devices that process credit and debit card payments, and/or other entities informed Defendant or its agents/vendors about FACTA, including its specific requirements concerning the truncation of credit card numbers and expiration dates on receipts provided to consumers.

39. Upon information and belief, Defendant was required by VISA, MasterCard, and other credit card companies to comply with the Receipt Provision.

40. Notwithstanding the significant amount of time to prepare for the effective date of FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; the expectations of VISA, MasterCard and other credit card companies; and, the general compliance by the majority of Defendant's peers and competitors, Defendant willfully violated the FCRA.

41. Defendant's violations of the FCRA expose Plaintiff and members of the Class to an elevated risk of identity theft.

42. As a result of Defendant's willful violations of the FCRA and FACTA, Defendant is liable to Plaintiff and members of the Class for statutory damages pursuant to 15 U.S.C. § 1681n.

## JURY DEMAND

43. Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable. *U.S. Const. Amend. 7. Fed.R.Civ.P. Rule 38.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in favor of himself and the Class for the following relief:

a) An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;
b) Statutory damages for willful violation of the FCRA per Class member;
c) Punitive damages in an amount to be determined at trial;
d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n of the FCRA;
e) An order directing Defendant to hereafter electronically print receipts from point of sales transactions in compliance with 15 U.S.C. §1681c(g); and
f) Such other and further relief as may be necessary, just and proper.

        **Respectfully Submitted,**
        **JOSEPH ROSEN and all others**
        **similarly situated**

        By: <u>   s/ Larry P. Smith   </u>
             Attorney for Plaintiff

<u>Dated: August 20, 2014</u>

Larry P. Smith  (Atty. No.: 6217162)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 324-3532
Facsimile:    (888) 418-1277
E-Mail:        lsmith@smithmarco.com

Thomas J. Lyons, Jr. Esq.
Minnesota Attorney I.D. #0249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:  (651) 704-0907
Email:  tommycjc@aol.com
(To Be Admitted Pro Hac Vice)